1   BONNETT, FAIRBOURN, FRIEDMAN
2   & BALINT, P.C.
    Todd D. Carpenter (CA 234464)
3   600 W. Broadway, Suite 900
    San Diego, California 92101
4   Telephone:   (619) 756-6978
    Facsimile:   (602) 798-5860
5
6   BONNETT, FAIRBOURN, FRIEDMAN
    & BALINT, P.C.
7   Elaine A. Ryan (AZ 012870)
    Patricia N. Syverson (CA 203111; AZ 020191)
8   2901 North Central Avenue, Suite 1000
    Phoenix, Arizona 85012
9   Telephone:   (602) 274-1100
    Facsimile:   (602) 798-5825
10

11  Attorneys for Plaintiff

12              UNITED STATES DISTRICT COURT

13        FOR THE SOUTHERN DISTRICT OF CALIFORNIA

14                          '09 CV 0358  L  LSP

15  RICHARD MANSFIELD, on Behalf of Himself ) Case No. _____
    and All Others Similarly Situated,      )
16                                           ) **PLAINTIFF'S CLASS ACTION**
                                             ) **COMPLAINT FOR DAMAGES AND**
17                         Plaintiff,        ) **EQUITABLE RELIEF UNDER THE FAIR**
                                             ) **DEBT COLLECTION PRACTICES ACT, 15**
18          vs.                              ) **U.S.C. §1692 ET SEQ.**
                                             )
19  MIDLAND FUNDING, LLC., a Delaware )
    corporation,   MIDLAND   CREDIT)                    **AND**
20  MANAGEMENT, INC., a Kansas corporation, )
                                             ) **DEMAND FOR JURY TRIAL**
21                         Defendants.       )
                                             )
22  _____ )

23          Plaintiff Richard Mansfield, by and through his attorneys, brings this action on behalf of himself

24  and all others similarly situated against Midland Funding, LLC and Midland Credit Management, Inc.
25
26  (collectively, "Midland" or the "Defendants").  Plaintiff hereby alleges, on information and belief,

27  except for information based on personal knowledge, which allegations are likely to have evidentiary

28  support after further investigation and discovery as follows:

PLAINTIFF'S CLASS ACTION COMPLAINT

# NATURE OF THE ACTION

1.      This is a consumer credit class action brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter, "FDCPA" or "Act").

2.      Plaintiff, individually and on behalf of all persons similarly situated, seeks actual damages, a declaratory judgment, statutory damages and other relief against Defendants arising from their routine practice of filing and assisting in the litigation of lawsuits to collect time-barred consumer credit card debts incurred primarily for personal, family or household purposes.

# JURISDICTION AND VENUE

3.      Original jurisdiction in this Court is proper pursuant to 15 U.S.C. §1692k(d), actionable through 28 U.S.C. §§1331 and 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

4.      Venue is proper in this district pursuant to 28 U.S.C. §1391 in that many of the acts and transactions giving rise to the cause of action asserted here occurred in this district and because Defendants:

      (a)    have located their corporate headquarters in San Diego, California;

      (b)    are authorized to conduct business in this district and have intentionally availed themselves of the laws of this district through their debt collection practices in this district; and

      (c)    do substantial business in this district.

# PARTIES

5.      Plaintiff Richard Mansfield resides in Gilbert, Arizona. At all times material hereto, Plaintiff Mansfield and each member of the Class he seeks to represent, were "consumers" as that term is defined in §1962(a) of the Act.

6.   Defendant Midland Funding, LLC. ("Midland Funding") is a Delaware corporation. Its company headquarters is located in San Diego, California. Midland Funding is registered to do business in the State of California, and is engaged in the business of collecting debts due or alleged to be due by credit card consumers throughout the United States, including hundreds of consumers in California. Midland Funding is a "debt collector" as that term is defined in §1962a(6) of the Act.

7.   Defendant Midland Credit Management, Inc. ("Midland Credit") is a Kansas corporation. Its company headquarters is located in San Diego, California. Midland Credit is registered to do business in the State of California, and is engaged in the business of servicing and collecting credit card debts due or alleged to be due by consumers throughout the United States, including hundreds of consumers in California. Midland Credit is a "debt collector" as that term is defined in §1692a(6) of the Act.

8.   Defendants Midland Funding and Midland Credit act jointly and in concert to collect credit card debts. Based on information and belief, Midland Credit services debts owned by Midland Funding and assists Midland Funding in filing and/or prosecuting lawsuits to collect time-barred debts. Thus, Midland Funding and Midland Credit are referred to jointly as Midland.

### DEFENDANTS' ROUTINE AND UNLAWFUL CONDUCT

9.   Defendants regularly engage in the business of collecting debts. As such, they are "debt collectors" within the meaning of the FDCPA and subject to the Act's provisions prohibiting debt collectors from: using "any false, deceptive or misleading representations or means in connection with the collection of any debt" including the false representation of "the character, amount or legal status of any debt"; "the use of any false representation or deceptive means to collect or attempt to collect any debt"; and the use of "unfair or unconscionable means to collect or attempt to collect any debt."  15 U.S.C. §§1692e, e(2)(A), e(10) and f(1), respectively.

PLAINTIFF'S CLASS ACTION COMPLAINT

10.     A central purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors as seen through the eyes of the least sophisticated debtor.

11.     The filing of a lawsuit which the debt collector knows or should know is unavailable or unwinnable by reason of a legal bar, such as the statute of limitations, is the kind of abusive practice the FDCPA is designed to eliminate.

12.     In violation of the FDCPA, Defendants routinely engage in deceptive debt collection by regularly filing and litigating consumer credit card debt collection actions where the date of last payment is outside the statutory limitations period.

13.     Defendants, as a matter of standard practice, file suit without having first determined after a reasonable inquiry that the statute of limitations has not run.

14.     The act of filing a lawsuit to collect a debt implies that the debt is viable and recovery is proper. Filing suit on a time-barred debt is therefore deceptive, unfair and unconscionable. This is especially so given the unsophisticated consumer is likely unaware of statutory limitation periods.

15.     Defendants profited enormously from their unlawful debt collection activities. By contrast, Plaintiff and Class Members incurred damages, including any monies they paid to satisfy their time-barred debts.

## PLAINTIFF'S ALLEGATIONS

16.     On or about May 16, 2008, Defendant Midland Funding, through its attorney who was acting pursuant to the express direction, authorization and approval of Defendants, filed a lawsuit against Mr. Mansfield in the San Tan Justice Court in Chandler, Arizona by filing a complaint under Docket Number CC2008105167RC, entitled *Midland Funding LLC v. Richard J. Mansfield and Jane Doe* (hereinafter, "Mansfield Collection Suit").

17.     In the Mansfield Collection Suit, Midland Funding sought to collect a Providian credit

PLAINTIFF'S CLASS ACTION COMPLAINT

card debt in the principal amount of $1,487.00.  The alleged debt was incurred by Mr. Mansfield primarily for personal, family or household purposes.  Midland Funding also sought interest, court fees and costs, and attorneys' fees.

18.     The last activity on the account was more than seven years prior to the date Midland Funding filed the Mansfield Collection Suit.  In the Mansfield Collection Suit, Midland Credit submitted an affidavit in which it identifies itself as servicer the of the account and incorrectly identifies July 12, 2002 as the date of last activity on the account.

19.     On or about October 31, 2008, Mr. Mansfield filed a *pro se* Answer and Counterclaims in the Mansfield Collection Suit.  His Answer reads, in part, "the statute of limitations is six years and has been exceeded."

20.     In the course of investigating his Counterclaims, Plaintiff learned that Defendants routinely file suit to collect time-barred debts in violation of the FDCPA.

21.     In an effort to help other consumers and stop Defendants from continuing to file suit to collect time-barred debts, Plaintiff filed the instant lawsuit.  He intends to request the Court in the Mansfield Collection Suit to stay that case in deference to this lawsuit.

22.     Plaintiff has been damaged by Defendants' violations of the FDCPA in an amount to be determined at trial.

## CLASS ALLEGATIONS

23.     Plaintiff Mansfield brings this action on behalf of himself and all those similarly situated pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2) and (b)(3).  The class of persons who Plaintiff seeks to represent is defined as:

> **All persons Midland filed a lawsuit against to collect an alleged credit card debt incurred primarily for personal, family or household purposes where Midland's records do not show that a payment was made within the applicable statute of limitations prior to the filing**

of the action and which lawsuit was pending at any time from and after February 24, 2008 (the "Class" or "Class Members").

24.    Excluded from the Class are Defendants, any parent, subsidiary or affiliate of the Defendants, any entity in which the Defendants have a controlling interest, and the respective officers, directors, employees, agents, legal representatives, heirs, predecessors, successors, and assigns of such excluded persons or entities.

25.    Plaintiff and the Members of the Class are so numerous that joinder of all Members individually, in one action or otherwise, is impractical.

26.    Plaintiff's claims are typical of the claims of the Members of the Class. The named Plaintiff is a Member of the Class of victims described herein.

27.    The named Plaintiff is willing and prepared to serve the Court and proposed Class in a representative capacity with all of the obligations and duties material thereto. Plaintiff will fairly and adequately protect the interests of the Class and has no interests adverse to or which directly and irrevocably conflict with, the interests of other Members of the Class.

28.    The self-interests of the named class representative is co-extensive with, and not antagonistic to, those of the absent Class Members. The proposed representative will undertake to represent and protect the interests of the absent Class Members.

29.    The named Plaintiff has engaged the services of counsel indicated below. Said counsel are experienced in complex class litigation, will adequately prosecute this action, and will assert and protect the rights of, and otherwise will represent the named Class representative and absent Class Members.

### Rule 23(b)(2)

30.    This action is appropriate as a class action on the issues of liability, declaratory relief, and statutory damages pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure.

- 5 -

PLAINTIFF'S CLASS ACTION COMPLAINT

31.     Defendants have acted or refused to act on grounds generally applicable to Plaintiff and the Class by filing lawsuits to collect time-barred consumer credit card debts in violation of the FDCPA thereby making appropriate an order declaring that the FDCPA prohibits filing suit to collect time-barred consumer debts.

32.     The statutory damages available to Plaintiff and Class Members under the FDCPA are *de minimus* in amount, secondary to their claim of declaratory relief, which will affect more persons and have consequences over a greater period of time, and flow directly from Defendants' underlying FDCPA liability.  Plaintiff's statutory damages can be no greater than $1,000.00 and Class Members' statutory damages, considered collectively, cannot exceed the lesser of $500,000.00 or 1% of Defendants' net worth.  15 U.S.C. §1692k(a).

## Rule 23(b)(3)

33.     This action is appropriate as a class action on the issue of actual damages pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

34.     This action involves questions of law and fact common to Plaintiff and all members of the Class concerning violations of the FDCPA.  These common questions predominate over any issues affecting individual members of the Class and include:

    (a)     Whether Defendants are debt collectors pursuant to 15 U.S.C. §1692a(6);

    (b)     Whether Defendants used any false, deceptive or misleading representation or means in connection with the collection of Plaintiff's and Class Members' consumer credit card debts;

    (c)     Whether Defendants falsely represented the legal status of Plaintiff's and Class Members' consumer credit card debts;

    (d)     Whether Defendants used unfair or unconscionable means to collect or attempt to collect Plaintiff's or Class Members' consumer credit card debts;

    (e)     Whether Plaintiff and Class Members have been harmed and the proper measure of relief; and

- 6 -

        (f)     Whether Plaintiff and Class Members are entitled to an award of attorneys' fees and expenses against Defendants.

35.    Judicial determination of the common legal and factual issues essential to this case would be far more efficient and economical as a class action than in piecemeal individual determinations.

36.    There is no plain, speedy or adequate remedy other than by maintenance of this lawsuit as a class action because individual damages are relatively small, making it economically infeasible for class members to pursue remedies individually. The prosecution of separate actions by individual members of the Class, even if theoretically possible, would create a risk of inconsistent or varying adjudications with respect to individual Class Members against Defendants and would establish incompatible standards of conduct for Defendants.

37.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy for at least the following reasons:

        (a)    Congress specifically contemplated FDCPA class actions as a principal means of enforcing the statue (15 U.S.C. §1692k);

        (b)    Most of the Class Members are unaware of their rights and have no knowledge that their rights are being violated by the time-barred lawsuits and/or the collection of any amounts thereon;

        (c)    The interest of Class Members in individually controlling the prosecution of individual actions is small because the maximum statutory damages in an individual action under the FDCPA is $1,000.00 and the actual damages are generally small;

        (d)    When Defendants' liability has been adjudicated, claims of all Class Members can be determined by the Court;

(e)     This action will cause an orderly and expeditious administration of the Class claims and foster economies of time, effort and expense, and ensure uniformity of decisions; and

(f)     Without a class action, many Class Members would continue to suffer injury, and Defendants' violations of law will continue without redress while Defendants continue to reap and retain the substantial proceeds of their wrongful conduct.

38.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation which would preclude its maintenance as a class action.

## CAUSE OF ACTION

### (Violation of the FDCPA, 15 U.S.C. §1692 et seq.)

39.     Plaintiff realleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herewith.

40.     Defendants, by filing or assisting in the litigation of collection lawsuits on time-barred consumer credit card debts incurred primarily for personal, family or household purposes have violated one or more of the following prohibitions of the FDCPA:

(a)     using "any false, deceptive, or misleading representation or means in connection with the collection of any debt" (15 U.S.C. §1692e);

(b)     falsely representing "the character, amount, or legal status of any debt" (15 U.S.C. §1692e(2)(A));

(c)     "the use of any false representation or deceptive means to collect or attempt to collect any debt" (15 U.S.C. §1692e(10)); and/or

PLAINTIFF'S CLASS ACTION COMPLAINT

(d)    using "unfair or unconscionable means to collect or attempt to collect the debt" (15 U.S.C. §1692f(1)).

41.    Plaintiff and the Class seek statutory damages and actual damages in an amount to be determined at trial.

42.    Plaintiff and the Class seek entry of a declaratory judgment that Defendants' practice of bringing and assisting in the prosecution of lawsuits to collect time-barred consumer credit card debts is unlawful under the Act.

43.    Plaintiff and the Class seek costs and reasonable attorneys' fees pursuant to the FDCPA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays this Court enter a judgment against Defendants that:

A.    Certifies this action as a plaintiff class action under Rule 23 of the Federal Rules of Civil Procedure as set forth herein;

B.    Declares Defendants' practices violate the FDCPA;

C.    Awards Plaintiff and Class Members actual damages pursuant to 15 U.S.C. §1692k;

D.    Awards Plaintiff and Class Members statutory damages pursuant to 15 U.S.C. §1692k;

E.    Awards Plaintiff and Class Members the costs of this action, including reasonable attorneys' fees and expenses pursuant to 15 U.S.C. §1692k;

F.    Awards pre-judgment and post-judgment interest at the legal rate; and

G.    Awards such other and further legal and equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: February 2⁴, 2009

BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, PC


_____
Todd D. Carpenter (CA 234464)
600 W. Broadway, Suite 900
San Diego, California 92101
Telephone:    (619)756-6978
Facsimile:    (602) 798-5860

BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, PC
Elaine A. Ryan (012870)
Patricia N. Syverson (CA 203111; AZ 020191)
2901 N. Central Avenue, Suite 1000
Phoenix, AZ 85012
Telephone:    (602) 274-1100
Facsimile:    (602) 798-5825

Attorneys for Plaintiff

PLAINTIFF'S CLASS ACTION COMPLAINT

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
RICHARD MANSFIELD, on Behalf of Himself and All Others Similarly Situated

**DEFENDANTS**
MIDLAND FUNDING, LLC., a Delaware Corporation; MIDLAND CREDIT MANAGEMENT, INC., a Kansas

**(b)** County of Residence of First Listed Plaintiff   Maricopa County, AZ
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   San Diego
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Bonnett Fairbourn Friedman & Balint, PC
2901 N. Central Ave., Ste. 1000, Phx, AZ 85012; 602-274-1100

Attorneys (If Known)

'09 CV 0358 L LSP

BY FAX

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | **PERSONAL PROPERTY** | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | / ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | **PRISONER PETITIONS** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 510 Motions to Vacate Sentence | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | Habeas Corpus: | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 530 General | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 535 Death Penalty | **IMMIGRATION** | |
| | | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | |
| | | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | |
| | | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. §1692 et seq.
Brief description of cause:
Assisting in litigation of lawsuits to collect time-barred consumer credit card debts

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE   2-24-09

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # 160420   AMOUNT $350   APPLYING IFP ____   JUDGE ____   MAG. JUDGE ____

AC   2/24/09

ORIGINAL

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 160420   - TC**

**February 24, 2009
14:57:30**

**Civ Fil Non-Pris**
USAO #.: 09CV0358
Judge..: M. JAMES LORENZ
Amount.:                    $350.00 CK
Check#.: 239110

**Total-> $350.00**

FROM: MANSFIELD VS MIDLAND FUNDING