UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD MANSFIELD, on Behalf of Himself and All Others Similarly Situated,<br><br>            Plaintiff,<br><br>v.<br><br>MIDLAND FUNDING, LLC, *et al.*,<br><br>            Defendants. | Civil No. 09cv358 L(WVG)<br><br>**ORDER GRANTING MOTION TO DENY CLASS CERTIFICATION [doc. #35]; DENYING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT [doc. #62] and DENYING MOTION FOR CLASS CERTIFICATION [doc. #64]** |

Currently pending are defendants Midland Funding, LLC and Midland Credit Management, Inc.'s ("Midland") motion to deny class certification and plaintiff Richard Mansfield's motions for leave to file a first amended class action complaint and for class certification.

**A.    Background**

On February 24, 2009, plaintiff filed the above-captioned case as a national, consumer credit class action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, to obtain monetary, declaratory and injunctive relief. Plaintiff alleges in the operative complaint that:

> ¶ 2.    Plaintiff, individually and on behalf of all persons similarly situated seeks actual damages, a declaratory judgment, statutory damages and other relief against **Defendants arising from their routine practice of filing and assisting in the litigation of lawsuits to collect time-barred consumer credit card debt incurred primarily for personal, family or household purposes.**

> ¶ 12.  In violation of the FDCPA, Defendants routinely engage in deceptive debt collection by regularly filing and litigating consumer credit card debt collection actions where the date of last payment is outside the statutory limitations period.
>
> ¶ 13.  Defendants, as a matter of standard practice, file suit without having first determined after a reasonable inquiry that the statute of limitations has not run.

Comp. at 1, 3 (emphasis added).

The proposed class is defined in the complaint as follows:

> All persons Midland filed a lawsuit against to collect an alleged credit card debt incurred primarily for personal, family or household purposes where Midland's records do not show that a payment was made within the applicable statute of limitations prior to the filing of the action and which lawsuit was pending at any time from and after February 24, 2008 (the "Class" or "Class Members").

Comp, at 4-5, ¶ 23.

Plaintiff's action here is based on a 2008 Arizona state court action Midland filed against Mansfield alleging that he defaulted on a credit card agreement when he failed to make payment. In a counterclaim alleging a violation of the FDCPA, Mansfield contended that Midland's action was barred by the applicable statute of limitations. Mansfield dismissed the FDCPA counterclaim in the Arizona action. The Arizona case proceeded to trial with the finding, *inter alia,* that Midland's claim was timely. Judgment was entered in Midland's favor and against Mansfield.

The present case was filed prior to the entry of judgment in the Arizona state court. Midland has now filed a motion for an order denying class certification. Thereafter, plaintiff responded to Midland's motion and filed motions for leave to file a first amended class action complaint ("FAC") and for class certification.

The Court notes that defendants' motion concerning class certification must be limited to the operative complaint and not to the proposed FAC.

**B.    Legal Standard**

"Class actions have two primary purposes: (1) to accomplish judicial economy by avoiding multiple suits; and (2) to protect the rights of persons who might not be able to present claims on an individual basis." *Haley v. Medtronic, Inc.*, 169 F.R.D. 643, 647 (C.D. Cal. 1996) (citing *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345 (1983)). Under Federal Rule of Civil

Procedure 23, district courts have broad discretion to determine whether a class should be certified. *Dukes v. Wal-Mart, Inc.*, 603 F.3d 571, 579 (9th Cir. 2010). In order to obtain certification of a class action, plaintiff must provide facts in support of the four requirements of Rule 23(a): (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation.[1] *Dunleavy v. Nadler* ( In re Mego Fir. Corp. Sec. Litig.), 213 F.3d 454, 462 (9th Cir. 2000) (internal quotations omitted). These requirements effectively "limit the class claims to those fairly encompassed by the named plaintiff's claims." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 155 (1982) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 701 (1979)). In addition to the Rule 23(a) requirements, the party seeking certification bears the burden of meeting at least one requirement of Rule 23(b). *Id.* at 580.

Plaintiff seeks certification under Rules 23(b)(3) and (b)(2). A class may be certified under Rule 23(b)(3), if "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 944 (9th Cir. 2009)(quoting FED. R. CIV. P. 23(b)(3)).

"Class certification under Rule 23(b)(2) is appropriate only where the primary relief sought is declaratory or injunctive." *Zinser v. Accufix Research Institute, Inc.*, 253 F.3d 1180, 1195 (9th Cir. 2001). Here, in addition to monetary damages, plaintiff seeks declaratory and injunctive relief. For a class to be certified under Rule 23(b)(2), "the claim for monetary damages must be secondary to the primary claim for injunctive or declarative relief." *Molski v. Gleich*, 318 F.3d 937, 947 (9th Cir. 2003).

---

[1] Rule 23(a) provides:
One or more members of a class may sue or be sued as representative parties on behalf of all members only if:

    (1) the class is so numerous that joinder of all members is impracticable;
    (2) there are questions of law or fact common to the class;
    (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
    (4) the representative parties will fairly and adequately protect the interests of the class.

FED. R. CIV. P. 23(a).

**C.     Motion to Deny Class Certification**

Defendants move to deny class certification contending that plaintiff's class definition fails to meet the requirement that the class be sufficiently identifiable and plaintiff cannot satisfy Federal Rule of Civil Procedure 23(a)'s typicality and adequacy of representation requirement, or Rule 23(b)(3)'s predominance and superiority requirements.

**1.     Proper Motion**

Plaintiff initially argues that defendants' motion to deny class certification is premature and not appropriate. The Ninth Circuit has held that Rule 23 does not preclude defendants from bringing a preemptive motion to deny certification before plaintiffs file a motion for class certification. *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 939 (9th Cir. 2009). Thus, unless there is some factor that would prevent the early resolution of the certification question, defendants' motion is proper. As the *Vinole* court noted, "the district court's consideration of the motion [to deny class certification] would only be improper if Plaintiffs could show some procedural prejudice from the timing of consideration." *Id.* at 944.

In opposing defendants' motion, plaintiff does not contend that additional discovery is necessary in order to respond to defendants' motion or that he would suffer some procedural prejudice. Indeed, plaintiff filed a response in opposition to defendants' motion, after the close of class discovery, arguing that the class is workable and meets Rule 23's requirements.

The Court concludes that defendants' preemptive motion to deny class certification is appropriately made.

**2.     Standing**

Standing is a threshold jurisdiction requirement and requires that the plaintiff allege (1) that he has suffered an injury in fact, (2) that the injury is fairly traceable to the action of the defendant, and (3) that the injury will likely be redressed with a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). This threshold requirement to establish standing applies to class representative plaintiffs in class actions. *Lewis v. Casey*, 518 U.S. 343, 357 (1996)( As the class representative plaintiff must demonstrate that he has suffered injury in fact and has been injured as a result of defendants' acts.).

In his complaint, plaintiff repeatedly alleges that defendants file and prosecute lawsuits to collect *time-barred* consumer credit card debts. Comp. at ¶¶ 2, 8, 20, 21, 31, 37(b), 40, 42. But Midland's claim against Mansfield was timely as determined by the Arizona state court. That judgment as not been challenged. Because Midland's claim against Mansfield was found to be timely, the action was not filed on a time-barred debt and plaintiff has not suffered an injury in fact or an injury based on defendants' filing of their action against him in the Arizona court. Without a claim, Mansfield may not represent others who could have such a claim. *Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1022 (9th Cir. 2003); *see also O'Shea v. Littleton*, 414 U.S. 488, 494 (1974)("if none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class.").

Plaintiff acknowledges that based on the claim alleged in the complaint, he lacks standing: "While Mr. Mansfield's adequacy as a class representative may be called into issue on class certification, the [Arizona court] decision should not deprive the absent Class members of the procedural benefit of a class action." Joint Statement of Discovery Dispute at 2.

Because plaintiff cannot state a claim under the operative complaint and he is the sole named plaintiff, Mansfield's lack of standing prevents his ability to act as class representative which forecloses class certification. The issues of typicality, predominance, superiority, and other challenges to Mansfield's class representation need not be considered.

For these reasons, the Court will grant defendants' motion to deny class certification based on the operative complaint.

**D.     Motion to File a First Amended Complaint**

As discussed above, in the original complaint, plaintiff alleged that defendants routinely initiated lawsuits to collect *time-barred* consumer credit card debts. Comp. at ¶¶ 2, 8, 20, 21, 31, 37(b), 40, 42. But Midland's claim against Mansfield was timely as determined by the Arizona state court. Mansfield's claim in the operative complaint therefore fails as a matter of law. As a result, he cannot be a member of the class and cannot be a representative of the originally proposed Class.

Apparently realizing this, plaintiff seeks to file a FAC that would include allegations that Midland uniformly and systematically fails to conduct pre-litigation investigations to determine whether there is a good faith basis to contest the expiration of the limitations period on debts that *appear to be time barred whether they are or are not actually time-barred.* Also, plaintiff seek to redefine the national Class as "All consumers Midland filed a lawsuit against from and after February 24, 2008 to collect debts that Midland's electronically searchable collection records identify as time-barred." Plf's Motion at 2.

Under Federal Rule of Civil Procedure 15(a), leave to amend a pleading after a responsive pleading has been filed may be allowed by leave of court and such leave "should freely [be given] when justice so requires." FED. R. CIV. P. 15(a)(2). Granting leave to amend rests in the sound discretion of the trial court. *Int'l Ass'n of Machinists & Aerospace Workers v. Republic Airlines*, 761 F.2d 1386, 1390 (9th Cir. 1985). Courts must exercise this discretion considering the strong federal policy favoring the disposition of cases on the merits and permitting amendments with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (internal quotations omitted). Accordingly, the "'court must be guided by the underlying purpose of Rule 15 – to facilitate decision on the merits rather than on the pleadings or technicalities.'" *DCD Programs*, 833 F.2d at 186 (*quoting United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)).

Four factors courts use to determine the propriety of a motion for leave to amend are: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999). These factors are not equally weighted; the possibility of delay alone, for instance, cannot justify denial of leave to amend. *Lockheed Martin*, 194 F.3d at 986; *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *DCD Programs,* 833 F.2d at 186. The single most important factor is whether the nonmoving party would be prejudiced as a result of amendment. *Eminence Capital*, 316 F.3d at 1052.

Defendants oppose amendment of the complaint based on all four *Foman* factors.

First, defendant contends the motion was brought for a dilatory purpose and/or brought in bad faith. Certainly by the time the Arizona state court entered its February 11, 2010 judgment concluding that Midland's claim was not time-barred, plaintiff was aware that his claim was fatally flawed and he lacked standing as to the proposed Class.  Rather than immediately moving to amend the complaint, plaintiff waited until July 16, 2010 to file this motion – the same date the motion for class certification was due. Although plaintiff contends that the proposed amended complaint conforms to the evidence that was obtained in the discovery process, the claim was known to plaintiff much earlier than mid-July 2010. Plaintiff has provided no reasonable justification for the undue delay in bringing the motion to amend the complaint.

Second, defendants argue that they will be severely prejudice by being required to respond to significantly more discovery requests on a greatly expanded claim. The Court is mindful that plaintiff seeks to certify a national Class. Given plaintiff's intent to increase the class from lawsuits filed outside various limitations periods to lawsuits that "appear" time-barred under a variety of state limitations periods, the Court must conclude that defendants would be prejudiced in defending this new claim particularly in the context of a nation-wide class action and after it became clear in February 24, 2010 that Mansfield's original claim was without merit..

Third, defendants assert that leave to amend the complaint would be futile. Suing on a time-barred debt is a practice that is held to violate the FDCPA. *See Harvey v. Great Seneca Fiancial Corp.*, 453 F.3d 324, 332 (6th Cir. 2006)(citing *Goins v. JBC & Assoc.*, 352 F.Supp.2d 262 (D.Conn. 2005); *Shorty v. Capital One Bank*, 90 F.Supp.2d 1330 (D.N.M. 2000); *Kimber v. Fed. Fin. Corp*., 668 F. Supp. 1480 (M.D. Ala. 1987). But a debt collector may file a debt collection action even if the debt collector does not at the time of filing have adequate proof  to support the claim. *Harvey*, 453 F.3d at 333.

In the proposed FAC, plaintiff alleges Midland violated the FDCPA "[b]y filing suits without first having conducted a reasonable inquiry to confirm the debts are not time-barred including, where applicable, that a good faith basis exists to challenge the expiration of the limitations period." PAC, ¶24. Plaintiff has not pointed to any case law that supports a cause of

action under the FDCPA for failure to conduct a reasonable pre-suit investigation when an underlying debt is time-barred, as plaintiff's debt clearly was.

Because Midland's lawsuit against Mansfield was not time barred, he cannot be a member of the Class seeks to certify in the proposed FAC. Nor has plaintiff named any other class representative in the proposed FAC. As a result, amendment would be futile.

Defendant also argues that the proposed FAC fails to allege facts to satisfy the mandatory prerequisites of Rule 23, specifically that the class definition is not sufficiently defined and ascertainable, there are numerous issues of fact and law unique to each proposed class member preventing a showing of typicality, and there is an insufficient showing of predominance and superiority.

The Court agrees that the proposed class claims are not typical because plaintiffs' claims will be subject to unique defenses and plaintiff will not adequately protect the interests of the Class. The purpose of Rule 23(a)(3) is "to assure that the interest of the named representative[2] aligns with the interests of the class." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). The requirement is satisfied where the named plaintiffs have the same or similar injury as the unnamed class members, the action is based on conduct which is not unique to the named plaintiffs, and other class members have been injured by the same course of conduct. *Id.* Class certification is inappropriate "where a putative class representative is subject to unique defenses which threaten to become the focus of the litigation." *Id.* (quoting *Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 903 F.2d 176, 180 (2d Cir. 1990), *cert. denied*, 498 U.S. 1025 (1991)); *see also J.H. Cohn & Co. v. Am. Appraisal Assocs.*, 628 F.2d 994, 999 (7th Cir. 1980) ("[T]he presence of even an arguable defense peculiar to the named plaintiff or a small subset of the plaintiff class may destroy the required typicality of the class as well as bring into question the adequacy of the named plaintiff's representative."). Although the representative claims need not "be substantially identical" to those of absent class members, they must be "reasonably co-extensive." *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1020 (9th Cir. 1998).

---

[2] Because plaintiff lacks standing, he may not act as a class representative. *Keilholtz v. Lennox*, 268 F.R.D. 330, 337 (N.D. Cal. 2010)

The issues arising from the putative nation-wide class members in this case will vary significantly. For example, there are a variety of credit card member agreements with differing terms including the application of different state laws concerning statutes of limitations, differing arbitration agreements, agreements containing class action waivers, differing defenses to state collection actions which would render the required typicality of the class destroyed.

Because plaintiff unduly delayed the bringing of the motion to amend the complaint, defendants would be prejudiced by the significant change in the claim proposed, and amendment of the complaint would be futile, the Court concludes that plaintiff's motion to amend the complaint should be denied.

**D.     Plaintiff's Motion for Class Certification**

Plaintiff's motion for class certification is based on the proposed amended complaint. Because the Court finds that amendment of the complaint is not appropriate, the motion for class certification will be denied.

**E.     Conclusion**

For the foregoing reasons, **IT IS ORDERED:**

1.     **GRANTING** defendants' motion to deny class certification;

2.     **DENYING** plaintiff's motion to amend the complaint; and

3.     **DENYING** plaintiff's motion for class certification.

**IT IS FURTHER ORDERED** that the parties shall jointly contact, within five business days, the assigned magistrate judge for further proceedings as may be deemed appropriate.

**IT IS SO ORDERED.**

DATED: March 30, 2011

M. James Lorenz
United States District Court Judge

COPY TO:

HON. WILLIAM V. GALLO
UNITED STATES MAGISTRATE JUDGE
ALL PARTIES/COUNSEL